Judge Buckner,
delivered the opinion of the court.
Ow a note for $500, payable 17th of January 1823, executed by Williams to Wilmot and CarterjGill, to whom the obligees assigned it, instituted suitand recovered judgment for the full amount. Williams filed his bill, to be relieved against a portion of it, alleging that the contract was for notes of the Commonwealth’s bank; hut that the note had been written for current money by mistake.
Gill answered, praying that his answer might be considered as a cross-bill againstCarter and Wilrnot’s representative, Wilmot having previously diedand praying for a decree over against them, for such, amount as he might, by decree in Williams’ favor, be injoined from collecting on his judgment at law;, should a.ny such decree be entered.
Carter answered Williams’ bill, but did not file any answer to Gill’s bill, which was consequently taken as confessed. In June 1828, the circuit court entered a decree in the cause, perpetually injoining $250 of the judgment recovered against Williams; and entered a decree for the same amount, with interest, in favor of Gill against Carter and the representatives of Wilmot. Carter, thereupon, filed his bill in chancery against Gill and others, impeaching the decree rendered on the cross bill, as fraudulently obtained. On a hearing of the cause, the circuit court decreed a perpetual injunction against the enforcement of the decree impeached. To reverse the last decree, Gill-prosecutes this writ of error; attacking it on its merits, as well as for a want of proper parties.
The grounds relied upon by Carter, in his bill, as *485 warranting the relief sought, are, that Gill’s lawyer informed him, Carter, that it was not necessary for him to answer the bill; that he had directed the sheriff not to serve him with the sM¿pcenaissued on the cross bill; the proceeding, as it related to him, being for form sake only; that on speaking to Gill on the subject, he made similar observations, promising that he would not hold him responsible for the payment of any decre which might be i;endercd in the casg, as he intended to look to the representatives of Wilmot only; and that under the influence of these assurances he was thrown off his guard, and prevented from filing an answer, &c.
It appearing, that defendant was pro. vented from answering a bill by an assurance from complainant that he would not hold hirii responsible for any part of his demand, and also, that had defendant answered the decree must have been for a less sum, are sufficient evidence of fraud, in the procurement of the decree, to entitle defendant to relief against it«
That Carter was entitled to relief against the decree in favor of Gill, there is no doubt; for that he was prevented from answering the bill by an assurance from Gill, that he would not hold him responsible for one cent of his demand, his object being to make it out of Wilmot’s representatives, is established by the proof in the cause; although it is denied in Gill’s answer; and if he had answered the bill and made the proper defence, it is clear, that Gill could not have obtained a decree against him, for as much ns$2S0. The assignment of the $500 bond on Williams, was made on the 21st of April, 1822, in consideration of $500, in notes on the bank of the Commonwealth, advanced by Gill to Wilmot; he, Wilmot, .agreeing in consequence of Carter’s joining in the assignment of the bond or note on Williams, and permitting him, Wilmot, to use the money or notes so advanced, to pay to Carter at a subsequent period $250, his half of said $500. As $250 of Gill’s judgment against Williams was injoined, he was entitled to a decree against Carter and the representatives of Wilmot; but for no more than the. difference between the value of $500 in Commonwealth’s paper, at the time he advanced it in April 1822, with interest on it, and the $260, for which his judgment against Williams was permitted to stand. What the value of Commonwealth’s bank paper was, in April 1822, does not appeav from the proof in the cause. In January 1823, (when the note on Williams fell due) it seems to have been estimated at about fifty cents to the dollar. But had it passed at the same *486 rate, when Gill parted with his money, he would, nevertheless, be entitled to a decree for the amount of interest on the value of the bank paper advanced by him, from the time he paid it, until the note on Williams became due, it was therefore'proper, that the circuit court, preparatory to a decree in favor of Gill against Carter and Wilmot’s representatives, should have caused the value of the bank notes, in April 1822 to have been ascertained; and it was equally proper and necessary that it should have 'been ascertained, to enable the court to enter a decree in the present suit, for without such information it is impossible to come to any satisfactory conclusion, whether the whole or a part only, of the decree in favor of Gill should be set aside.
Anderson, for plaintiff.
The error relied on as to the want of proper parties is untenable. Wilmot’s representatives were, in the first instance, made defendants to Carter’s bill, but previous to the decree the bill as to them, was dismissed by Carter’s directions. We do not consider them, however, as necessary parlies. Carter had no claim and asks for no decree against them, nor have they complained of the decree entered in favor of Gill, agains't them and Carter; which as to them,,will, consequently, stand unaltered. But for the reasons already mentioned; and also, because the decree in favor of Gill is injoined or set aside, not only as to Carter, bul from the broad terms employed in the decree, to reverse which, this writ of error is prosecuted, it would operate in favor, of Wilmot’s heirs, as well as in favor of Carter, it musí be reversed with costs, and the cause remanded to the circuit court, with directions, to cause the value of the hank notes, at the time Gill advanced them, in April 1822, to be ascertained, and then to enter a decree according to the principles, of this opinion, so far as Carter may be concerned.